IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALEX PINEDA-MENDEZ,

Petitioner,

v.  Civil Action No. 3:17CV602

UNITED STATES OF AMERICA,

Respondent,

## MEMORANDUM OPINION

Petitioner, a federal prisoner incarcerated in Washington, Mississippi, was convicted of illegal re-entry after deportation in this Court, and was sentenced on October 22, 2004. *United States v. Pineda-Mendez*, No. 3:04CR185 (E.D. Va. Oct. 22, 2004), ECF No. 29. By Memorandum Opinion and Order entered on April 14, 2006, the Court denied a motion to vacate under 28 U.S.C. § 2255. *Pineda-Mendez*, No. 3:04CR185 (E.D. Va. Apr. 14, 2006), ECF Nos. 36, 37.

On May 29, 2009, pursuant to a guilty plea, Petitioner was yet again convicted of illegal re-entry after deportation for an aggravated felony and the Court sentenced him to seventy-two months of incarceration with a three-year term of supervised release. *United States v. Pineda-Mendez*, No. 3:08CR517 (E.D. Va. May 29, 2009), ECF No. 13. The United States Court of Appeals for the Fourth Circuit affirmed. *Pineda-Mendez*, No. 3:08CR517 (E.D. Va. filed July 1, 2010), ECF No. 21, 22. On July 22, 2015, the United States Probation Office filed a Petition on Supervised Release because Petitioner violated the terms of his supervised release by illegally re-entering the United States in Texas. *Pineda-Mendez*, No. 3:08CR517 (E.D. Va. filed July 22, 2015), ECF No. 24. On January 15, 2016, the Court found Petitioner guilty of violating the

terms and conditions of his supervised release, revoked his supervised release, and sentenced him to twenty-four months of incarceration to be served consecutive to the sentence imposed for his conviction for illegal re-entry by the United States District Court for the Southern District of Texas. *Pineda-Mendez*, No. 3:08CR517 (E.D. Va. Jan. 15, 2016), ECF No. 36.

Petitioner appealed. The Fourth Circuit granted the parties' Unopposed Motion to Remand, vacated Petitioner's sentence, and remanded for a complete resentencing. *Pineda-Mendez*, No. 3:08CR517 (E.D. Va. filed July 12, 2016), ECF Nos. 42, 43. On remand, the Court again sentenced Petitioner to twenty-four months of incarceration to be served consecutive to the sentence imposed for his conviction for illegal re-entry in Texas. *Pineda-Mendez*, No. 3:08CR517 (E.D. Va. Oct. 20, 2016), ECF No. 52. On May 3, 2017, the Fourth Circuit affirmed. *Pineda-Mendez*, No. 3:08CR517 (E.D. Va. filed May 3, 2017), ECF No. 60, 61.

On August 28, 2017, the Court received from Petitioner a petition for writ of habeas corpus under 28 U.S.C. § 2241. Because Petitioner seeks to challenge his conviction and sentence in *Pineda-Mendez*, No. 3:08CR517, he may only proceed under 28 U.S.C. § 2255.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)); *see Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Petitioner's current action may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A petition pursuant to 28 U.S.C. § 2241 must be filed in the district in which the petitioner is currently incarcerated. *San-Miguel v. Dove*, 291 F.3d 257, 259 (4th Cir. 2002). To the extent

that Petitioner wishes to proceed under Section 2241, he must file his petition in the district where he is currently incarcerated.

If Petitioner wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2255, he must do so unequivocally and in accordance with the rules governing such actions. *Cf. United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (requiring that the district court advise inmates of the consequences of filing a § 2255 motion prior to converting a mislabeled post-conviction motion into a motion pursuant to § 2255). Any motion under 28 U.S.C. § 2255 must conform to the requirements imposed by the rules governing such motions, and be sworn to under penalty of perjury. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b). The Court will process a request for relief under 28 U.S.C. § 2255 upon receipt of the properly completed forms seeking such relief. **Accordingly, the Clerk is DIRECTED to mail Petitioner the forms for filing a motion under 28 U.S.C. § 2255.**

The Court will take no further action on Petitioner's claims pursuant to 28 U.S.C. § 2241. The 28 U.S.C. § 2241 petition and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 9/28/17
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge